UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID STRATTON, et al., | |
| Plaintiffs, | Case No. 1:24-cv-00443-AKB |
| v. | |
| PACKAGING CORPORATION OF AMERICA, | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | |

Pending before the Court is Defendant's unopposed Motion to Dismiss Claims of Plaintiffs Who Failed to Comply with the Court's Orders (Dkt. 33). Defendants seek to dismiss Plaintiffs Josh Boyce and Oscar Martinez with prejudice for failure to comply with the Court's prior discovery order (*id.* at 1).

On November 10, 2025, the Court ordered Plaintiffs Trevor Bennett, Josh Boyce, and Oscar Martinez to answer and respond to PCA's written interrogatories and requests for production of documents within thirty days, or face dismissal from the action with prejudice for failure to engage in discovery or otherwise prosecute the action (Dkt. 25 at 1). While Plaintiff Bennett answered and responded, Plaintiffs Boyce and Martinez have not. Notably, Plaintiffs' counsel advised that Plaintiffs Boyce and Martinez have been unresponsive to their efforts to obtain answers and responses (Dkt. 33-1 at 2). Accordingly, Defendants moved to dismiss their claims.

District courts possess inherent authority to manage their dockets and may dismiss an action for failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of

the court."). Before dismissing an action pursuant to Rule 41(b), the Court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The first two factors weigh in favor of dismissal here. Plaintiffs Boyce and Martinez's failure to respond to the Court's Order makes it difficult to expeditiously resolve this claim and for the Court to manage its docket. The third factor—prejudice to defendant—also weighs in favor of dismissal because Plaintiffs Boyce and Martinez's failure to participate in discovery prevents Defendant from obtaining information necessary to evaluate and defend against their claims. The fourth factor also supports dismissal because given Plaintiffs Boyce and Martinez's apparent abandonment of their claims, dismissal seems to be the only realistic sanction. Finally, the public policy favoring disposition of cases on the merits factor ordinarily weighs against dismissal. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, this factor "lends little support" to a party whose conduct impedes progress toward a merits determination. *Id.* Plaintiffs Boyce and Martinez bear responsibility for prosecuting their claims and participating in discovery, and their failure to do so undermines the possibility of resolving their claims on the merits. Accordingly, this factor weighs only slightly against dismissal.

Plaintiffs Boyce and Martinez were expressly warned that noncompliance would result in dismissal with prejudice, yet they failed to respond to discovery or seek relief from the Court's Order. Under these circumstances, dismissal with prejudice is appropriate. Therefore, the Court grants the motion.

MEMORANDUM DECISION AND ORDER – 2

**IT IS HEREBY ORDERED** that:

1.  Defendants' Motion to Dismiss Claims of Plaintiffs Who Failed to Comply with the Court's Orders (Dkt. 33) is **GRANTED**. Plaintiffs Josh Boyce and Oscar Martinez's claims are **DISMISSED WITH PREJUDICE**.

DATED: March 05, 2026

Amanda K. Brailsford
U.S. District Court Judge