UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAVID STRATTON, et al.,

Plaintiffs,

v.

PACKAGING CORPORATION OF AMERICA,

Defendant.

Case No. 1:24-cv-00443-AKB

**MEMORANDUM DECISION AND ORDER APPROVING SETTLEMENT AGREEMENT**

This matter came before the Court upon the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Dkt. 47). The parties have sought the Court's approval of their settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Generally, courts have no role in approving settlement agreements. *Evans v. Centurion Managed Care of Ariz. L.L.C.*, 686 F. Supp. 3d 880, 881 (D. Ariz. 2023) (citing *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995)). There is a circuit split on whether the FLSA creates an exception requiring judicial approval of an FLSA settlement. *Compare Lynn's Food Stores, Inc.*, 679 F.2d 1353 (holding district court may approve a proposed FLSA settlement "after scrutinizing the settlement for fairness"), *and Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) ("We conclude that . . . Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."), *with Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012) (concluding the "parties may privately settle a FLSA claim . . . where there exists

a bona fide dispute as to liability."). The Ninth Circuit has not expressly decided whether judicial approval is required, though it has stated in an unpublished decision that "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015). Courts within the Ninth Circuit have generally applied the Eleventh Circuit's standard in *Lynn's* to determine whether the settlement is a fair and reasonable resolution of a bona fide dispute. *See, e.g.*, *Molengraaf v. Vestas-Am. Wind Tech. Inc.*, No. 22-CV-01825, 2024 WL 621289, at *1 (D. Or. Feb. 13, 2024); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). *But see Evans*, 686 F. Supp. 3d at 884 (finding neither the Federal Rules of Civil Procedure nor the test of the FLSA indicates that judicial approval of settlement agreements is required).

The Court assumes, without deciding, that judicial approval is required and adopts the *Lynn's* framework. Under *Lynn's*, judicial approval is appropriate when the settlement agreement represents a "fair and reasonable resolution of a bona fide dispute." 679 F.2d at 1355. A bona fide dispute exists when there are legitimate questions about "the existence and extent of Defendant's FLSA liability." *Ambrosino v. Home Depot. U.S.A., Inc.*, No. 11cv1319, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014). If the Court determines a bona fide dispute exists, it must then determine whether the settlement is fair and reasonable. *Selk*, 159 F. Supp. 3d at 1172. Courts generally apply a hybrid of the "fair, reasonable, adequate" standard under Rule 23(e) of the Federal Rules of Civil Procedure and a totality of the circumstances approach emphasizing "the context of the case and the unique importance of the substantive labor rights involved" to assess the settlement. *Selk*, 159 F. Supp. 3d at 1172–73; *see also Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Here, the Court concludes that a bona fide dispute exists between Plaintiffs and Defendant regarding Defendant's allegedly improper rounding practice which resulted in Plaintiffs not being paid for performing compensable work (Dkt. 47-1 at 5). There also appears to be a dispute as to how damages would be calculated in this case if Defendant were to be found liable (*id.*). In light of the foregoing, the Court finds that this case involves a bona fide dispute over the existence and the extent of Defendant's FLSA liability.

Upon review of the settlement agreement and in light of the facts and circumstances contained in the record, the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiffs' FLSA claim. The amounts to be paid to each Plaintiff to resolve their individual claims appears to be an individualized amount based on the alleged unpaid wages and alleged statutory penalties (*see* Dkt. 47-2 at 26–34). Furthermore, the agreement that resulted in the settlement of Plaintiffs' claims is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable, and adequate. *See, e.g.*, *Officers for Just. v. Civ. Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

Therefore, because the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute, it grants the motion and approves the settlement.

**IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Dkt. 47) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

2. The Court retains jurisdiction to enforce the terms of the parties' settlement, should such enforcement be necessary, for **sixty (60) days**.

DATED: November 23, 2026

Amanda K. Brailsford
U.S. District Court Judge